IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Crim. No. 17-61-LPS |
| JOSE SANTOS-MATOS, and WILFREDO GARCIA-ALICEA, | : |
| Defendants. | : |

## MEMORANDUM ORDER

Pending before the Court are Defendant Wilfredo Garcia-Alicea's ("Garcia") Motion to Suppress Evidence (D.I. 112), Garcia's Motion for the Government to Disclose the Identity of the Informant (D.I. 113), Defendant Jose Santos-Matos' ("Santos") Motion to Suppress Evidence (D.I. 114), and Garcia's Motion for *Giglio* and *Brady* Material (D.I. 128). The Government filed a responsive brief. (D.I. 119)

For the reasons stated below, **IT IS HEREBY ORDERED** that:

1. Garcia's Motion to Suppress Evidence (D.I. 112) is **DENIED**.

2. Garcia's Motion for the Government to Disclose the Identity of the Informant (D.I. 113) is **DENIED AS MOOT**.

3. Santos' Motion to Suppress Evidence (D.I. 114) is **DENIED**.

4. Garcia's Motion for *Giglio* and *Brady* Material (D.I. 128) is **GRANTED**, subject to the condition noted below.

5. The parties shall meet and confer and, no later than **November 2**, the government shall submit, on behalf of all parties, a joint status report with the parties' proposals for how the

case should now proceed.

I.  **<u>Garcia and Santos' Motions to Suppress</u>**

Garcia and Santos' motions to suppress (D.I. 112, 114) are similar, as both relate to cell-site location data ("CSLD"). The Court will consider them together.

Garcia moves to suppress CSLD related to two telephones numbers: 302-613-9940 (the "9940 Phone") and 302-669-5043 (the "5043 Phone"). (*See* D.I. 112) Santos moves to suppress CSLD related to a third telephone number: 302-766-2214 (the "Heroin Phone"). (*See* D.I. 114) Both motions indicate that they are intended to apply to all CSLD obtained in violation of the Supreme Court's recent decision, *Carpenter v. United States*, 138 S. Ct. 2206 (2018), regardless of the source. (*See* D.I. 112 at 4 n.4; D.I. 114 at 4 n.3)

The government obtained the following four orders and warrants authorizing it to obtain CSLD from the relevant phones:

1) June 2, 2017 Order of Judge Cooch, Superior Court of Delaware, on the Heroin Phone (the "June 2 Order");

2) June 13, 2017 Order of Judge Cooch, Superior Court of Delaware, on the Heroin Phone (the "June 13 Order");

3) June 30, 2017 Search Warrant approved by Magistrate Judge Thynge, District of Delaware, on the Heroin Phone (the "June 30 Warrant"); and

4) July 14, 2017 Search Warrant approved by Magistrate Judge Fallon, District of Delaware, on the 9940 Phone (the "July 14 Warrant").

(*See* D.I. 112 at 3; D.I. 114 at 2-3; D.I. 119 at 2-3) The government also obtained Garcia's written consent to search the 5043 Phone on August 31, 2017. (*See* D.I. 119 at 2-3)

2

The government represents that at trial it will only offer CSLD evidence obtained pursuant to the June 2 Order and the June 30 Warrant concerning the Heroin Phone; it further states that no CSLD was obtained from the 5043 Phone. (*See id.* at 2) Since the government will not offer evidence obtained from the June 13 Order or the July 14 Warrant, Garcia and Santos' motions as to CSLD evidence obtained pursuant to that Order or Warrant are denied as moot.

### A. Legal Standards

The Fourth Amendment grants people the right "against unreasonable searches and seizures" of their persons, houses, papers, and effects and provides that "no warrants shall issue, but upon probable cause." U.S. Const. amend. IV. The Supreme Court recently held that "an individual maintains a legitimate expectation of privacy in the record of his physical movements as captured through [CSLD]" and that "[t]he Government's acquisition of . . . cell-site records was a search within the meaning of the Fourth Amendment." *Carpenter*, 138 S. Ct. at 2217, 2220. Therefore, "the Government must generally obtain a warrant supported by probable cause before acquiring such records." *Id.* at 2221.

### B. Heroin Phone

Garcia challenges the searches of the Heroin Phone only "to the extent that they included GPS Data about [Garcia's] telephone calls and locations." (D.I. 112 at 3) Neither Garcia nor the government asserts that Garcia's personal movements were ever tracked through capture of the Heroin Phone's CSLD; nor do they assert that Garcia ever claimed any possessory interest in the Heroin Phone. (*See* D.I. 119 at 6) The Heroin Phone was not registered in Garcia's name (nor Santos'), but rather to a woman associated with one of their co-defendants, and neither Garcia nor Santos were listed as authorized users. (*See id.* at 2) Since there is no allegation that Garcia

3

used, possessed, or owned the Heroin Phone, its CSLD cannot be used to track Garcia's physical movements and, therefore, the Heroin Phone CSLD does not implicate Garcia's legitimate expectation of privacy in his physical movements. Accordingly, Garcia has failed to establish standing to bring a Fourth Amendment challenge against the June 2 Order and June 30 Warrant. Therefore, Garcia's motion as to CSLD from the Heroin Phone must be denied.

Garcia and Santos both challenge the June 2 Order and the June 30 Warrant as not being based on a probable cause finding. Before issuing the June 2 Order, Judge Cooch reviewed the government's sworn application and affidavit, which provided substantial details of the investigation, and he signed the Order based on a finding of probable cause. (*See* D.I. 120 Ex. A) Indeed, his June 2 Order expressly states, "there is probable cause to believe that the Target Telephone . . . is being used or possessed . . . . in violation of . . . the Target Offense." (*Id.* Ex. A at AFF-00001872) The record before Judge Cooch included evidence that a witness allowed a now decedent to use his phone to call the Heroin Phone to obtain heroin from the decedent's "Dominican buddy"; the witness drove the decedent to meet the supplier; the decedent returned to the car and thereafter injected the heroin, overdosed, and died. (*See id.* Ex. A) The Heroin Phone number was associated with a past heroin investigation in which a confidential informant reported that a Dominican drug dealer used the Heroin Phone to facilitate drug transactions. (*See id.* Ex. A) With respect to the June 30 Warrant, Magistrate Judge Thynge signed the Warrant based on a finding of probable cause following a review of the government's sworn application and affidavit, which provided the same details noted above. (*See id.* Ex. B) The June 30 Warrant expressly states that "the affidavit(s) . . . establish probable cause to search and seize" the CSLD. (*Id.* Ex. B at AFF-00000218) The affidavit further provided that law enforcement

4

conducted five controlled purchases of heroin and/or crack cocaine by calling the Heroin Phone. (*See id.* Ex. B)

The Court finds that both the June 2 Order and the June 30 Warrant were based on probable cause. Accordingly, Garcia and Santos' motions as to CSLD from the Heroin Phone must be denied.

### C. 5043 Phone

Garcia also moves to suppress CSLD obtained from the 5043 Phone. While Garcia was in custody, he and his counsel signed a consent form permitting law enforcement to search a "black cool pad cell phone" that had the 5043 Phone telephone number. (*See* D.I. 119 at 3, 8 n.7) Garcia has not challenged the voluntariness or scope of that consent. (*See id.* at 8 n.7) Since Garcia knowingly and voluntarily consented to the search and does not challenge such consent, the Fourth Amendment warrant requirement does not apply. *See Georgia v. Randolph*, 547 U.S. 103, 128 (2006) ("A warrantless search is reasonable if police obtain the voluntary consent of a person authorized to give it."). Moreover, any location data obtained from the phone was not derived from a cell-site, so *Carpenter* does not apply. Accordingly, Garcia's motion as to the 5043 Phone must be denied.

## II. <u>Garcia's Motion for the Government to Disclose the Identity of the Informant</u>

Garcia moves to compel the government to disclose the identity of the informant involved in the alleged deliveries of June 9, June 19, and June 26, 2017. (D.I. 113) The government represents that the parties have resolved this dispute and that the confidential informant's identity should not be disclosed at this time. (*See* D.I. 119 at 1 n.1) The government represents that "at trial, the government will not admit any evidence of an undercover purchase (that the

5

confidential informant was present for and witnessed) on June 9, 2017." (*Id.*) Garcia has not responded to the government's representations. Based on the government's representations, Garcia's motion is denied as moot.

**III.     Garcia's Motion for *Giglio* and *Brady* Material**

Garcia moves to compel the government to produce *Giglio* and *Brady* material immediately. (D.I. 128) The government has not responded to this motion. Accordingly, the motion is granted. In their forthcoming status report (*see supra* ¶ 5), the parties shall indicate the date by which they propose the government provide the materials to Garcia.

October 25, 2018
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT COURT